[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PARTIAL RULING ON DEFENDANT STATE OF CONNECTICUT, DEPARTMENT OF CHILDREN AND FAMILIES' MOTION TO DISMISS AS TO MICHAEL SCATENA
The defendant State of Connecticut Department of Children and Families ("DCF") moves to dismiss this action filed by plaintiff Michael Scatena, who appears pro se and is an inmate of the Department of Corrections ("DOC"). The plaintiff brings this suit seeking declaratory and injunctive relief in an effort to obtain all DCF records pertaining to plaintiff's daughter, Tiffany Scatena, a child born out of wedlock to plaintiff's estranged girlfriend, Magdalena Vargas. Plaintiff brings this action pursuant to the Connecticut Freedom of Information Act, General Statutes § 1-210 et seq. ("FOIA"). The controversy arises out of the defendant's alleged refusal to release documentation to the plaintiff without also notifying the Commissioner of the Department of Corrections pursuant to Public Act No. 99-156(18) (H)(c) which states in part, "Whenever a public agency receives a request from any person confined in a correctional institution or facility, for disclosure of any record under the FOIA, the public agency shall promptly notify the Commissioner of Correction of such request, before complying with the request." Upon being made aware of this mandatory notification, plaintiff withdrew his request to DCF and commenced this action seeking a court order to release the desired records without notification to the Department of Corrections.
In its written motion to dismiss, the defendant challenges both the CT Page 7358 court's personal and subject matter jurisdiction over this matter. Defendant asserts that there was a lack of due diligence by the plaintiff when the plaintiff failed to attend a "Show Cause" hearing that was requested by the plaintiff. Defendant also maintains that service was not properly made upon the DCF when it was made at the local office in Waterbury and not at the Attorney General's office as required by General Statutes § 52-64. This court need not address these claims because it concludes that plaintiff has failed to exhaust his administrative remedies.
It is the responsibility of the court to raise jurisdictional issues sua sponte when they become known to the court. Ramos v. Town of Vernon,254 Conn. 799, 808, 761 A.2d 705, 712 (2000). "The court has a duty to dismiss, even on its own initiative, any [portion of the] appeal that it lacks jurisdiction to hear" Weidenbacher v. Duclos, 234 Conn. 51, 54,661 A.2d 988, 990 (1995). "The question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Id.,234 Conn. 51, 54, 661 A.2d 988, 990 (1995).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59,377 A.2d 1099 (1977). Plaintiff contends that he has been barred from exercising his final appeal with the FOIC based on his status as an inmate in a Connecticut correctional facility. Plaintiff claims that "there is no procedure for prisoners who do not have anyone to represent their interest at the FOIC for a hearing." The FOIC claims that it does not have the ability to bring inmates to its office for hearings, but provides the inmate the opportunity to "appoint an individual, who need not be an attorney, to represent them at hearings."[1] (Letter from FOIC, Exhibit "E", Scatena v. City of Waterbury, CV 00156998). Courts have created an exception to the exhaustion doctrine in certain instances where the remaining administrative remedies are "inadequate or futile." The principle of futility, as an exception to the exhaustion doctrine, exists only when a person can show that the available administrative remedy would be useless and not that the logistics of the remedy would be burdensome. Cahill v. Board of Education of City of Stamford,198 Conn. 229, 235, 502 A.2d 410, 418 (1985)
The plaintiff has not demonstrated that it is futile to exercise his administrative remedies. In the absence of such proof, plaintiff's failure to exhaust his administrative remedies deprives this court of jurisdiction to hear this action. Accordingly, this action is dismissed. CT Page 7359
ROBERT L. HOLZBERG, J.